## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | ) | Case No. 1:19-CV-00743 |
| REDBIRD BOATS, LLC D/B/A FREEDOM | ) | |
| BOAT CLUB CATAWBA ISLAND FOR | ) | |
| EXONERATION FROM OR LIMITATION | ) | |
| OF LIABILITY | ) | |

### COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COMES Plaintiff, REDBIRD BOATS, LLC D/B/A FREEDOM BOAT CLUB CATAWBA ISLAND ("FBC"), as Owner of the vessel, a 2016 Southwind 2200 v-bottom Sundeck, Hull Identification No. SMIE0177E516 (hereinafter referred to as the "vessel"), at all relevant times hereto, by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD. and for its Complaint seeking exoneration from or, alternatively, limitation of liability, alleges as follows:

1.      This action arises under the laws of the United States providing for limitation of a vessel owner's liability, 46 U.S.C. § 30505 *et seq.*, and the various statutes, rules and regulations relating thereto.  It is a cause of action under admiralty and maritime jurisdiction within the meaning of Federal Rule of Civil Procedure 9(h), and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

2.      At all relevant times hereto, FBC was and is Georgia limited liability company, whose principal place of business is in Port Clinton, Ohio.

3.      FBC was at all times hereinafter mentioned the owner and titleholder of the vessel, which was sold in October 2018 and which location is currently unknown.

4.      At all times hereinafter mentioned, the vessel was a boat, specifically a 2016 Southwind 2200 v-bottom Sundeck, Hull Identification No. SMIE0177E516, with a length of

approximately twenty two (22) feet, which was used as a pleasure craft, and which was operated in the vicinity of Emerald Necklace Marina, Lakewood, Ohio, on the Rocky River, which provides access to Lake Erie, and is part of the navigable waters of the United States.

5.     At all times relevant, FBC used due diligence to make the vessel seaworthy, and it was, at the time of the incident involved herein, and all times relevant hereto, tight, staunch and strong, properly manned, equipped and supplied, and in all respects seaworthy and fit for the service in which it was engaged.

6.     On or about July 9, 2017, the vessel was being operated by Jordan Bucar ("Bucar"), a FBC member, in the vicinity of Emerald Necklace Marina, Lakewood, Ohio.

7.     On or about July 9, 2017, a large wake from a passing Yacht purportedly impacted the vessel while in open waters, causing purported injury to Efrain Garcia ("Garcia"), a passenger of the vessel at the time (the "incident").

8.     The incident and any claimed injuries and damages were not caused or contributed to by any fault, neglect, want of care, or design on the part of FBC or anyone for whom FBC may have been responsible.

9.     The injuries and damages that any parties may have sustained as caused by the incident and for which claims may be made, were occasioned and incurred without the privity and knowledge of FBC as (a) FBC was not legally responsible for Bucar's operation of the vessel at the time of the incident; (b) the incident was not caused by any action or omission of FBC and occurred without its knowledge; and (c) FBC's conduct was in all respects prudent and did not improperly put into motion or proximately cause the incident.

10.     FBC is not liable to any other party, individual or entity, for any injuries, losses, or damages done, occasioned, incurred or resulting by reason of the incident, and FBC maintains

that it is entitled to exoneration from liability for any and all injuries, losses and damages that may be claimed as a result of the incident.

11.     In claiming exoneration from liability for any losses, damages, and/or injuries occasioned or incurred by reason of the incident which is described herein, and for any and all claims arising therefrom, FBC states that it has a valid defense thereto based on the facts and the law.

12.     While affirmatively denying any liability, FBC also believes that the claims that may be asserted against it and the vessel as a result of the incident which is described herein will exceed FBC's interest in the vessel and therefore, in the alternative, FBC claims the benefits of limitation of liability provided by Pub. L. 109-304, 120 Stat. 1512 -1516, (46 U.S.C. §§ 30501-30512), and the various acts amendatory thereof and supplemental thereto.

13.     The value of the vessel at the time of the incident was $38,000.00.  *See* Exhibit A – Affidavit of James F. Pritchard.

14.     As of this filing, Garcia has made a claim against FBC for personal injuries sustained as a result of the incident.  Upon information and belief, however, Garcia has not commenced an action against FBC.

15.     As a personal pleasure vessel, there was no freight earned or pending at the time of the incident.

16.     The total value of the interest of FBC in the vessel following the incident is Thirty-Eight Thousand Dollars ($38,000.00), which value is less than the total amount of the claims of which have not yet been filed but which FBC anticipates will be brought against it as hereinabove set forth.  *See* Exhibit A.

17.     Based upon its value at the time of the incident, FBC offers an Ad Interim Stipulation as security with respect to the value of the vessel following the incident.  *See* Exhibit B – Ad Interim Stipulation.

18.     This Complaint for exoneration from or limitation of liability is filed within six months of the first known claim made in relation to the incident, claim having been received October 12, 2018.

Wherefore, Plaintiff, FBC, requests that:

a.     Pursuant to applicable rules and procedures governing limitation of liability actions, the court enter an Order pursuant to the applicable law, rules, and practices of this court, directing the issuance of a Monition to all persons possessing or claiming to possess a claim for any and all injuries, damages, or other losses done, occasioned, or incurred by, or resulting from, the aforesaid incident, compelling them to appear before this court and to file and make due proof of their respective claims and also to appear and answer the allegations of this complaint, according to the law and practice of this court at or before a certain time to be fixed in the Monition;

b.     Pursuant to applicable rules and procedures governing limitation of liability actions, the court enter an order enjoining the further prosecution, and the commencement and prosecution, of any and all claims, lawsuits, and proceedings of any kind resulting or in any way relating to the aforesaid incident, and any and all actions, lawsuits, and proceedings of any kind against FBC, or against the vessel, to recover damages alleged to have been sustained and arising out of or occasioned by the aforesaid subject incident, except in this proceeding; and,

c.     The court adjudge and find in this proceeding:

     i.     Plaintiff, Redbird Boats, LLC d/b/a Freedom Boat Club of Catawba Island, is not liable to any extent for any loss or damage or for any claims whatsoever in any way arising out of or in consequence of the incident; or,

     ii.     Alternatively, if Plaintiff, Redbird Boats, LLC d/b/a Freedom Boat Club of Catawba Island, is judged liable, said liability and damages to any and all claimants collectively shall be limited to, and shall not exceed, the amount of Plaintiff's interest in the vessel (which has a value of $38,000.00) and that Plaintiff is discharged from any and all further liability to all claimants; and

d.     Plaintiff, Redbird Boats, LLC d/b/a Freedom Boat Club of Catawba Island, may have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Markus E. Apelis* .
**MARKUS E. APELIS (0083884)**
GALLAGHER SHARP LLP
Bulkley Building – Sixth Floor
1501 Euclid Avenue
Cleveland, Ohio 44115
Phone: (216) 241-5310
Fax:    (216) 241-1608
Email: mapelis@gallaghersharp.com
*Attorney for the Plaintiff*
*Redbird Boats, LLC*